```
                IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| IN THE MATTER OF:<br><br>CARMEN INES ROSADO RAMOS,<br><br>Debtor.<br>_____<br><br>CARMEN INES ROSADO RAMOS,<br><br>Movant,<br><br>v.<br><br>RAFAEL A. ORTIZ NEGRON,<br><br>Respondent,<br><br>ROBERTO ROMAN VALENTIN,<br>Chapter 7 Trustee. | CASE NO. **12-00327(BKT)**<br><br><br><br><br>CHAPTER 7<br><br><br>**AVOIDANCE OF LIEN PURSUANT TO 11 U.S.C. § 522(f)** |

**MOTION FOR RECONSIDERATION OF ORDER
PURSUANT TO FED.R.BANKR.P. 9023**

**TO THE HONORABLE COURT:**

    **NOW COMES**, Debtor-Movant, Carmen I. Rosado Ramos, through her undersigned attorney, and very respectfully states and prays:

**I. Introduction**

    Debtor-Movant hereby files the instant motion respectfully seeking reconsideration of the Order issued on July 27, 2012 (Docket No. 47), denying Debtor's motion for avoidance of the judicial lien pursuant to 11 U.S.C. § 522(f).

    According to this Honorable Court's perspective reflected in the Order, the Court lacks jurisdiction to resolve a motion

for avoidance of a judicial lien which impairs an exemption (§ 522(f)), if the Trustee abandons said property under § 554 (presumably, for lack of equity which could become part of the bankruptcy estate), before the avoidance motion is filed.

In this motion, Debtor-Movant would respectfully like to bring to the attention of the Court the reasons why she disagrees with the Court's analysis and conclusion. In essence, Debtor disagrees with the Court's holding that the Trustee's abandonment under § 554(a) for lack of any estate interest deprived the Court of jurisdiction to resolve the Debtor's motion to avoid the non-consensual, judicial lien of Creditor Rafael A. Ortiz-Negrón (Docket No. 33).

With the Court's leniency, Debtor respectfully submits that under 28 U.S.C. § 1334(e)(1), 28 U.S.C. § 157(b)(2), Subsections (B) and (K), this Court has authority to order the avoidance of non-consensual judicial liens over a *debtor's* interest in property, regardless that the estate would receive no benefit from such avoidance, as evidenced by the Trustee's abandonment under Section 554(a). For the reasons discussed below, Debtor requests reconsideration pursuant to Fed.R.Bankr.P. 9023, which makes Fed.R.Civ.P. 59(e) applicable, albeit with a reduced filing period of 14 days from entry of the Order which amendment

is sought. Insofar as the Order which reconsideration is sought was entered on July 27, 2012, this motion is timely filed today.

**II. Analysis**

**A) Pursuant to 28 U.S.C. § 1334(e)(1), this Honorable Court has jurisdiction to resolve Debtor's motion under 11 U.S.C. § 522(f), in order to protect Debtor's interest in her residence; § 544(a) does not divest the Court of this authority.**

Although apparently there is no First Circuit precedent, nor our search reveals that it ever came up before this Court, this specific issue has been decided by other bankruptcy courts before. Namely, the deciding courts have held that abandonment by the Trustee pursuant to 11 U.S.C. § 554(a) does not divest bankruptcy courts of jurisdiction to enforce the rights of the debtors as to their exemption in the property, specifically, avoidance of non-consensual judicial liens on the debtor's property. See In re Lafoon, 278 B.R. 767, 771-72 (Bankr.E.D.Tenn. 2002), citing In re Bennett, 13 B.R. 643, 645 (Bankr.W.D.Mich. 1981)(§ 522(f) action); In re Hahn, 60 B.R. 69, 73-74 (Bankr.D.Minn. 1985); In re Fitzgerald, 29 B.R. 41, 42-43 (Bankr.E.D.Va. 1983), vacated and remanded on other grounds, 729 F.2d 306 (4th Cir. 1984)(remanded, not without adopting In re Bennett in debtor's action to avoid judicial lien under § 522(f)(1)); In re Mangold, 244 B.R. 901, 904 (Bankr.S.D.Ohio

2000)(adopting In re Fitzgerald in debtor's § 522(f) lien avoidance action); In re Roberson, 7 B.R. 34, 35-36 (Bankr.D.Idaho 1980)(abandonment by the trustee did not oust court of jurisdiction to determine avoidance action by debtor under § 522(h)).

"While abandonment causes the interest of the estate in property to pass back to the debtor, the Bankruptcy Court still has jurisdiction over the property of the debtor under 28 U.S.C. Sec. 1471(e) [almost identical to today's Section 1334(e)(1)]..." See Bennet, 13 B.R. at 645, citing In re Motley, 10 B.R. 141 (Bankr.M.D.Ga. 1981) and In re Crusenturner, 8 B.R. 581 (Bankr.D.Utah 1981). "[T]he Code specifies no time in which the Trustee must abandon property, and the debtor has no way of knowing when this act will occur. The time of abandonment is therefore an arbitrary and inappropriate deadline for the filing of a complaint under 522(f)." Bennet 13 B.R. at 645; see also, In re Marsh, 89 B.R. 770, 772 (Bankr.N.D.Ind. 1988)("We can find no language in § 522(f) setting any kind of a time limit, and in the case at hand know of no other code sections or equitable reasons which should bar the debtors' filing of their motion.")

In In re Lafoon, the Bankruptcy Court for the Eastern District of Tennessee had before it the same conundrum before

this Court, and reasoned as follows:

> Prior to addressing the exemption question, the court will first consider Hartley's contention that this court is without subject matter jurisdiction to decide the fate of the garnished funds because the chapter 7 trustee has abandoned any interest of the estate in the property. This argument has little merit. Pursuant to 28 U.S.C. § 1334(e), "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case, and of the property of the estate." As authorized by 28 U.S.C. § 157(a), this grant of exclusive jurisdiction over both property of the estate and property of the debtor has been referred to the bankruptcy judges in this district. See <u>Kirk v. Hendon (In re Heinsohn)</u>, 231 B.R. 48, 56 (Bankr.E.D.Tenn. 1999). Specifically set forth as core proceedings over which the bankruptcy judges have full authority to enter final orders and judgments are the "allowance or disallowance ... of exemptions from property of the estate", 28 U.S.C. § 157(b)(2)(B); "proceedings to determine, avoid, or recover preferences," § 157(b)(2)(F); and "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K). This express Congressional delegation of authority has led the courts to universally recognize that the bankruptcy judges have subject matter jurisdiction over these types of core proceedings. [omitted citations] **Contrary to Hartley's assertion, the mere fact that property is no longer property of the estate because it has been abandoned by the trustee does not vacate the court's jurisdiction since it also has jurisdiction over "property of the debtor."**
>
> **...The abandonment by the Trustee pursuant to 11 U.S.C. Section 554(a) does not divest this court of jurisdiction to enforce the rights of the debtors as to their exemption in the property. Property may be abandoned by the Trustee so that the estate is not burdened with property which is so encumbered or obviously exempt as to be of no value to unsecured**

-5-

> **creditors. [Citation omitted.] While abandonment causes the interest of the estate in property to pass back to the debtor, the Bankruptcy Court still has jurisdiction over the property of the debtor under 28 U.S.C. Section 1471(e) [the predecessor to § 1334(e)]**

Lafoon, 278 B.R. at 771 (added emphasis), citing Bennet, 13 B.R. at 645.

Also on point, in Hahn, the Bankruptcy Court for the District of Minnesota had to resolve the same issue before this Court, and expressed:

> The argument at hand confuses the two different potential functions of exemptions in an individual's Chapter 7 case. Exemptions serve to further a debtor's right to a "fresh start" in two ways. In the first instance, exemptions allow a debtor to protect a minimum amount of property — generally that which is considered necessary for basic living needs — from the claims of unsecured creditors in a liquidation bankruptcy case. H.R.REP. No. 595, 95th Cong., 1st Sess. 126 (1977). However, in the 1978 Code Congress created a new debtor's remedy which utilized exemption rights as a "yardstick." H.R.REP. No. 595, 95th Cong., 1st Sess. 126 (1977). Under § 522(f), the debtor's exemption rights define the outer boundaries of his right to avoid certain types of prepetition liens against his property, an additional remedy to effectuate the post-bankruptcy "fresh start." To be sure, the filing of a bankruptcy Petition creates an estate which contains "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); H.R. REP. No. 595, 95th Cong., 1st Sess. 367-370 (1977). The debtor has the right to exempt property from the estate under applicable state or federal law pursuant to 11 U.S.C. § 522(b). Once a debtor's claim of exemption to property has been allowed by the running of the period for objection to the claim of exemptions under BANKR.R. 4003(b), the property revests in the debtor and is no longer property of the estate. In Re

>
> Wiesner, 3,9 B.R. 963 (Bankr.W.D.Wisc. 1984); In Re Kretzer, 4,8 B.R. 585 (Bankr.D.Nev. 1985). However, **the substantive (if wholly intangible) transfer of exempt property from the estate to the debtor occurring when exemptions are allowed does not affect a debtor's right to use remaining exemption rights not so exhausted to defeat the rights of judicial lien creditors under § 522(f)**. First National's dissembling about the nature of the lien avoidance remedy does not impress the Court. The legislative history makes it clear that Debtors' lien avoidance rights would not have been extinguished when the Trustee abandoned their homestead, even had he done so before the exemption was allowed. **The logical extension of First National's argument would not only vitiate § 522(f); in all probability it would render many of the exemption provisions of the Code nugatory for any purpose.**

In re Hahn, 60 B.R. at 73-74 (added emphasis).

**B)**

In the case before this Honorable Court, the Trustee abandoned the property at issue swiftly because the property's consensual, mortgage lien and Debtor's exemption *exceed by $166,755.50* the value of the property. See discussion and evidence at Debtor's Docket Nos. 33 and 42. However, the Debtor submits that this is not a jurisdictional obstacle to this Honorable Court's determination that Creditor Ortiz-Negrón's non-consensual judicial lien is duly avoided as impairing Debtor's 522(d)(1) homestead exemption, pursuant to 11 U.S.C. § 522(f). Neither is the fact that there is no equity to exempt an obstacle, since the applicable test does not necessitate

exemptible equity for avoidance under Section 522(f). See In re Botkin, 650 F.3d 396, 401 (4th Cir. 2011)(Debtor need not even claim an actual exemption, but only have the ability to do so absent all liens on the property); Brinley v. LPP Mortg. Ltd.(In re Brinley), 403 F.3de 415 (6th Cir. 2005)(allowing avoidance of judgment lien where the debtor had no equity in the property); In re Nguyen, 11-15308 (Bankr.D.Va. Opinion of October 17, 2011); In re Jerew, 415 B.R. 303 (Bankr.N.D.Ohio 2009)(recognizing that "the 1994 amendment to § 522(f), by adding the formula set forth in § 522(f)(2)(A), **eliminated the need for a debtor to demonstrate the existence of equity in their property in order to avoid the fixing of a judicial lien**")(added emphasis); Thigpen v. Cadle Co. (In re Thigpen), 374 B.R. 374, 377 (Bankr.S.D.Ga. 2007).

In its answer and opposition, Creditor Ortiz-Negrón does not contest any of the facts that attend the merits of the motion, i.e., the value of the property, nor the amount of the liens, but only relies on the jurisdictional argument, a *res judicata* argument, and the argument that the judicial lien's retroactive date is previous to the mortgage loan's mortgage modification duly recorded in the Puerto Rico Property Registry. See Response to Motion to Avoid Lien at Docket No. 40. All those

arguments have been fully briefed against by Debtor in her Reply to Opposition to Motion to Avoid Lien at Docket No. 42. Debtor submits that the only pending issue of this Honorable Court's jurisdiction to resolve Debtor's motion on its merits is now fully addressed. Therefore, Debtor respectfully submits that the Court should reconsider its Order denying jurisdiction, and resolve Debtor's motion to avoid lien on its merits.

**WHEREFORE**, pursuant to the foregoing discussion and the briefs filed at Docket Nos. 33 and 42, Debtor-movant very respectfully requests this Honorable Court to reconsider the Order denying Debtor's motion for avoidance of lien for lack of jurisdiction, and grant the same in Debtor's favor.

**RESPECTFULLY SUBMITTED.**

**NOTICE:** Within **fourteen (14) days** after service as evidenced by the certification, and an additional three (3) days pursuant to Fed.R.Bankr.P. 9006(f), any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or

(iii) in the opinion of the Court, the interest of justice requires otherwise.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which, upon information and belief, will send notification of such filing to all CM/ECF participant parties, including **Attorney Roberto Figueroa-Carrasquillo**, and **Chapter 7 Trustee Roberto Román Valentín** and also mailed the same to all parties in the attached creditor list that are not CM/ECF participants.

In San Juan, Puerto Rico, this 9th day of August, 2012.

**/s/ Carlos C. Alsina Batista**
Carlos C. Alsina Batista
USDC-PR NO. 222801

**CARLOS ALSINA BATISTA LAW OFFICES, PSC**
638 Aldebaran St.
Banco de Desarrollo Económico Bldng.
Second Floor, Suite HQ-7
San Juan, Puerto Rico 00920
Tel. (787)781-1882/Fax. (787)793-6733
Email: calsina@prquiebra.com

```
Label Matrix for local noticing         US Bankruptcy Court District of P.R.      ANTONIO JOSE CRUZ BONILLA
0104-3                                  Jose V Toledo Fed Bldg & US Courthouse    CALLE RIERA 520
Case 12-00327-BKT7                      300 Recinto Sur Street, Room 109          SAN JUAN, PR 00909-1903
District of Puerto Rico                 San Juan, PR 00901-1964
Old San Juan
Fri Feb 17 17:53:25 AST 2012

ASSET ACCEPTANCE                        AT&T MOBILITY                             AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADO
PO BOX 2036                             PO BOX 5818                               P.O. BOX 70101
WARREN, MI 48090-2036                   DENVER, CO 80217-5818                     SAN JUAN, PR 00936-8101


AUTORIDAD DE ENERGIA ELECTRICA          BANCO POPULAR DE PUERTO RICO              BANK OF AMERICA
P.O. BOX 363508                         BANKRUPTCY DIVISION                       P.O. BOX 2518
SAN JUAN, PR 00936-3508                 PO BOX 362708                             Houston, TX 77252-2518
                                        SAN JUAN, PR 00936-2708


(p)COLLECT AMERICA LTD                  CENTENNIAL                                CRIM
4340 S MONACO PKWY                      PO BOX 71514                              PO BOX 195387
2ND FL                                  SAN JUAN, PR 00936-8614                   SAN JUAN, PR 00919-5387
DENVER CO 80237-3408


DEPARTAMENTO DE HACIENDA                DORAL BANK                                ENCANTADA HOME OWNERS
CAPITAL CENTER-TORRE NORTE(SUITE 1504)  P.O. BOX 70308                            PO BOX 12011
235 AVE. ARTERIAL HOSTOS                SAN JUAN, PR 00936-8308                   SAN JUAN, PR 00914-0011
SAN JUAN, PR 00918-1451


FIA CARD SERVICES                       MIDLAND CREDIT MANAGEMENT, INC.           ORIENTAL - MORTGAGE SERVICING
P.O. BOX 15019                          PO BOX 60578                              PO BOX 71578
WILMINGTON, DE 19886-5019               LOS ANGELES, CA 90060-0578                SAN JUAN, PR 00936-8678


POPULAR MORTGAGE                        PUERTO RICO TREASURY DEPARTMENT           RAFAEL ARNALDO ORTIZ NEGRON
PO BOX 71375                            DEPARTAMENTO DE HACIENDA                  C/O GUILLERMO A. ALEMANY RIVERA
SAN JUAN, PR 00936-8475                 PO BOX 9024140                            PO BOX 1167
                                        SAN JUAN, PR 00902-4140                   BAYAMON, PR 00960-1167


RELIABLE FINANCIAL SERVICES             TREASURY SECRETARY                        CARLOS C ALSINA BATISTA
PO BOX 21382                            DEPARTAMENTO DE HACIENDA                  CARLOS ALSINA BATISTA LAW OFFICES PSC
SAN JUAN, PR 00928-1382                 P.O. BOX 9024140                          638 ALDEBARAN ST
                                        SAN JUAN, PR 00902-4140                   BANCO DE DESARROLLO ECONOMICO BLDNG
                                                                                  SECOND FLOOR SUITE HQ 7
                                                                                  SAN JUAN, PR 00920

CARMEN INES ROSADO RAMOS                MONSITA LECAROZ ARRIBAS                   RAFAEL ARNALDO ORTIZ NEGRON
138 PLAZA SERENA                        OFFICE OF THE US TRUSTEE (UST)            PO BOX 1167
ENTRERIOS URB ENCANTADA                 OCHOA BUILDING                            BAYAMON, PR 00960-1167
TRUJILLO ALTO, PR 00976-6170            500 TANCA STREET  SUITE 301
                                        SAN JUAN, PR 00901


ROBERTO ROMAN VALENTIN
US TRUSTEES OFFICE
PO BOX 9024003
SAN JUAN, PR 00902-4003
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
CACH, LLC                              End of Label Matrix
370, 17TH STREET, SUITE 5000           Mailable recipients    27
DENVER, CO  80202-3050                 Bypassed recipients     0
                                       Total                  27
```