IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

CARMEN INES ROSADO RAMOS

XXX-XX-8162

                    Debtor(s)

CASE NO. 12-00327 BKT

Chapter 7



FILED & ENTERED ON 01/16/2013

OPINION AND ORDER

        This proceeding is before the court upon Debtor's motion for reconsideration (Dkt No. 49) of the order denying the motion to avoid the judicial lien of Rafael Arnaldo Ortíz Negrón (Dkt No. 47). Also before the court is Rafael Arnaldo Ortiz Negrón's ("Ortíz Negrón") opposition to Debtor's motion for reconsideration (Dkt No. 58). In essence, Debtor requests that the court reconsider its ruling pursuant to Federal Rules of Civil Procedure, Rule 59(e). For the reasons set forth below, Debtor's motion for reconsideration is hereby DENIED.

I. Factual Background

    On January 23, 2012, Debtor, Carmen Inés Rosado, filed a chapter 13bankruptcy petition (Dkt. No. 1). Debtor listed her primary residence in Schedule A with a value of $285,000.00as of the date of the petition, with a mortgage lien in the amount of $425,130.50(the "Real Property")

(Dkt. No. 1).A notice of abandonment of property was issued by the Chapter 7 Trustee on February 22, 2012 (the "Notice of Abandonment") (Dkt No. 10). The Notice of Abandonment warned all parties of the Chapter 7 Trustee's intention to abandon the Real Property as it held no value and/or was burdensome to the bankruptcy estate (Dkt No. 10). No objection to the abandonment of property was ever filed by Debtor, or any other party in interest, although an express fourteen (14) day objection provision was included in the Notice of Abandonment.

Creditor Ortíz Negrón holds a judicial lien over the Real Property. This judicial lien has been recorded in the Puerto Rico Property Registry. On March 29, 2012, Debtor filed a motion to avoid lien with Ortíz Negrón and in opposition to Ortíz Negrón's motion for modification of automatic stay (Dkt No. 22).On April 10, 2012, the court issued a bench order determining that Ortíz Negrón's request for modification of the automatic stay, as well as Debtor's opposition thereto, became moot upon the Chapter 7 Trustee's abandonment of the Real Property (Dkt No. 30).The court concluded that the abandonment of the Real Property resulted in the property no longer being part of the bankruptcy estate, therefore, the court had no jurisdiction over the same. No request for reconsideration of the bench order was filed.

On April 19, 2012, Debtor filed a renewed motion to avoid Ortíz Negrón's judicial lien under 11 U.S.C. §522(f) (Dkt No. 33). No reference was made by Debtor to the bench order dated April 10, 2012. After requesting and obtaining an extension of time to respond, Ortíz Negrón filed an opposition to Debtor's motion to avoid judicial lien on June 5, 2012 (Dkt No. 40). The grounds for Ortiz Negrón's opposition to

Debtor's second attempt at avoidance of the judicial lien are threefold. First, Ortiz Negrón argues that the Notice of Abandonment of the Real Property was duly noticed, was never opposed and became final. Second, that the bench order of April 10, 2012became final, was not timely appealed nor a reconsideration requested, and therefore it has a *res judicata* effect over the renewed motion for avoidance of judicial lien. Third, Debtor's second motion for avoidance of judicial lien fails to address the jurisdictional challenge and the grounds by which the court should alter its previous determination. Thereafter, Debtor requested leave to file a reply (Dkt No. 41) and replied to Ortíz Negrón's opposition to avoid judicial lien (Dkt No. 42). In its reply, Debtor argues that the *res judicata* doctrine is inapplicable because the matter had not been adjudicated on its merits. Debtor also argued that the avoidance remedy sought by Debtor is dependent upon Debtor's (and not the bankruptcy estate's) interest in the property, thus, unaffected by the Notice of Abandonment. On July 27, 2012, the court ruled once again that upon the Notice of Abandonment the court lacked jurisdiction over the Real Property. As a result, the second motion to avoid Ortíz Negrón's judicial lien was denied (Dkt No. 47).

On August 9, 2012, Debtor filed a motion for reconsideration of the July 27, 2012 order, pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(e)(the "Reconsideration") (Dkt No. 49). In the Reconsideration, Debtor argued for the first time that 28U.S.C. §1334(e)(1) and 28 U.S.C. §157(b)(2)(B)&(K) conferred authority for the court to avoid the judicial lien over Debtor's interest in the Real Property. This is regardless of

the fact that the estate had no interest over and derived no benefit from the Real Property. In support of her argument, Debtor cited jurisprudence from bankruptcy courts in other circuits that are not mandatory. Notwithstanding the lack of *stare decisis*, this court does not find the case law persuasive either. After obtaining an extension of time to respond, Ortíz Negrón opposed the Reconsideration asserting that the abandonment of the Real Property had the practical effect of removing said asset from the court's jurisdiction and thwart the court of its authority to act over the avoidance action (Dkt No. 58).

This court has ruled on two occasions that in light of the Chapter 7 Trustee's abandonment of the Real Property, the same no longer forms part of the bankruptcy estate (Dkts No. 30&47). The court has consistently concluded that it has no jurisdiction to act over the Real Property and, consequently, over Debtor's action to avoid the judicial lien that encumbers the Real Property. In turn, Debtor has failed to set forth a manifest error of law or newly discovered evidence that would allow reconsideration of the court's previous determinations.

II. Discussion and analysis

In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence."Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence;

(3) manifest injustice; and, (4) an intervening change in controlling law.  402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).  Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment.  The underlying policy of reconsideration is to provide a court with a means to correct its own errors.  White v.New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982).  Rule 59(e) does not exist to allow parties a second chance to prevail on the merits.  Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court.  Id. at 616.

Similarly, a party cannot use a Rule 59(e)motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Aybar, et al. v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir.1997). The rule is that Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also, Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected).Thus, parties should not use Rule 59(e) motions to raise arguments which could and should have been made before judgment issued. Id (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)).  "Motions under

Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. . .[t]hey may not be used to argue a new legal theory." Id.

In her motion for reconsideration, Debtor rehashes the arguments set forth in the first and second motions to avoid judicial lien under 11 U.S.C. §522(f).Debtor also brought to the attention of the court a new legal theory based on her, and other bankruptcy court's, interpretation of 28 U.S.C. §1334(e)(1) and 28 U.S.C. §157(b)(2)(B)&(K) which is unconvincing to the court. However, Debtor failed to establish a manifest error of law. Debtors also failed to present newly discovered evidence that would put this court in a position to reconsider its previous determinations. Accordingly, this Court finds that Debtor is not entitled to reconsideration.

III. Conclusion

WHEREFORE, IT IS ORDERED that Debtors' motion for reconsideration (Dkt No. 49) shall be, and it hereby is, DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico this 16 day of January, 2013.

Brian K. Tester
U.S. Bankruptcy Judge