**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

IN RE:

**CARMEN INES ROSADO RAMOS**

**Debtor**

**CASE NO. 12-00327 BKT**
**Chapter 7**

**FILED & ENTERED ON 5/1/2014**

## OPINION AND ORDER

Pursuant to the United States Bankruptcy Appellate Panel for the First Circuit's November 22, 2013 mandate [Dkt. No. 87], before this Court is the Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f) [Dkt. No. 33] by Debtor, Carmen Ines Rosado Ramos ("Debtor" or "Ms. Rosado"); Response to Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f) [Dkt. No. 40] by Creditor, Rafael A. Ortiz Negron ("Creditor" or "Mr. Ortiz"); Tendered Reply to Opposition to Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f) Subject to the Court's Leave to File, as Requested at Docket No. 41 [Dkt. No. 42] by Ms. Rosado; Motion for Reconsideration of Order Pursuant to Fed. R. Bankr. P. 9023 [Dkt. No. 49] by Ms. Rosado; Reply to Motion for Reconsideration of Order Pursuant to Fed. R. Bankr. P. 9023 Docket 49 [Dkt. No. 58] by Mr. Ortiz; Creditor's Statement of Disputed and Undisputed Facts, Argument and Legal Brief Re: Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f) in Compliance with Order, Docket No. 86 [Dkt. No. 93] by Mr. Ortiz; and Memorandum of Facts and Law in Response to Rafael Ortiz-Negron's Memorandum of Law in Opposition to Lien Avoidance [Dkt. No. 99] by Ms. Rosado. For the reasons set forth below, Ms. Rosado's request to avoid the judicial lien is GRANTED.

## I.     Factual Background and Procedural Posture

The issue before this Court is whether Ms. Rosado is entitled to avoid the fixing of Mr. Ortiz's judicial lien on Ms. Rosado's residential property located in Trujillo Alto, Puerto Rico ("Residential Property"). Ms. Rosado's Residential Property has been her principal place of residence since 1997 when she purchased it with her ex-husband. In 2005, Ms. Rosado and her former husband mortgaged the Residential Property in the amount of $394,000.00. The record demonstrates that this was the first encumbrance on the Residential Property.

In 2007, Mr. Ortiz obtained and recorded a judicial lien on the Residential Property in the amount of $105,502.17. At the time of this second encumbrance, the Residential Property was owned by the conjugal partnership formed between Ms. Rosado and her former husband. However, in 2008, Ms. Rosado and her former husband divorced. Their divorce decree and marital property settlement granted Ms. Rosado sole ownership of the Residential Property.

In 2009, a state court order annulled Mr. Ortiz's judicial lien on the Residential Property, and a release of lien was recorded in the property registry. Now free of secondary encumbrances, in 2010 Ms. Rosado acquired a mortgage amplification and modification on the 2005 mortgage. This amplification/modification did not extinguish the original mortgage, but rather increased the principal amount secured by the Residential Property to $425,130.50. A year later, a state court order restored Mr. Ortiz's judicial lien on the Residential Property.

Two months after the judicial lien's restoration, Ms. Rosado filed for relief under Chapter 7 of the Bankruptcy Code. In her schedules, Ms. Rosado listed the Residential Property with a value of $280,000.00 subject to a mortgage in the amount of $425,130.50 and an exemption in the amount of $21,625.00. She also listed Mr. Ortiz as an unsecured creditor in the amount of

$105,502.17. The Chapter 7 trustee, pursuant to Section 554, abandoned the Residential Property.

Once the Residential Property was abandoned, Mr. Ortiz requested a relief from stay in order to record his judicial lien as if it had never been annulled. Ms. Rosado responded by submitting her motion to avoid the judicial lien pursuant to 11 U.S.C. § 522(f). In his response, Mr. Ortiz asserted lack of jurisdiction and *res judicata* defenses. He further argued that the judicial lien avoidance should not defeat his security interest. Mr. Ortiz reasoned that the judicial lien has priority over the mortgage as his judicial lien should never have been annulled, and the mortgage amplification/modification lowered the mortgage's rank to one inferior to his judicial lien. The court then denied Ms. Rosado's motion for lack of jurisdiction.

Ms. Rosado then asked for reconsideration under Fed. R. Bankr. P. 9023 arguing that the court's order was based upon an error of law. The court denied Ms. Rosado's reconsideration, concluding that Ms. Rosado failed to show either a manifest error of law or newly discovered evidence.

Thereafter, Ms. Rosado appealed the court's order denying her motion to avoid judicial lien and the order denying reconsideration. The Bankruptcy Appellate Panel for the First Circuit ("BAP") solely considered the issue of whether the trustee's abandonment of the Residential Property deprived the bankruptcy court of jurisdiction to determine Ms. Rosado's motion to avoid judicial lien. The BAP held that because property of the estate is not implicated under 11 U.S.C. § 522(f), a bankruptcy court's jurisdiction to determine a request to avoid lien does not lapse upon the trustee's abandonment of the affected property. As a result, the BAP vacated both orders, and remanded for further proceedings consistent with its mandate.

This Court then granted an order allowing Mr. Ortiz to file a legal brief of uncontested and disputed facts, and allowing Ms. Rosado to respond thereafter. In his brief, Mr. Ortiz argued that the lien avoidance should be denied on the following grounds: (1) that because the judicial lien predates the marital property settlement, judicial lien avoidance is not allowed; (2) that the avoidance of the judicial lien would result in an "absurd result;" and (3) that the loan modification shifted the 2005 mortgage's rank to one inferior to the judicial lien, thus the judicial lien cannot be avoided. In her responsive brief, Ms. Rosado argued that judicial lien avoidance is appropriate because: (1) Ms. Rosado has been the owner of the Residential Property since 1997 regardless of her ex-husband's conjugal partnership interest later being completely assigned to her; (2) that judicial lien avoidance does not create an absurd result; and (3) the 2005 mortgage on the Residential Property still maintains its first rank priority over the judicial lien. The court agrees with Ms. Rosado.

## II.     Legal Analysis and Discussion

Exemptions serve the Bankruptcy Code's purpose of achieving a "fresh start" for debtors against most creditors' claims. Nelson v. Scala, 192 F.3d 32, 34 (1st Cir. 1999). Exemptions are covered by 11 U.S.C. § 522. Pursuant to 11 U.S.C. § 522(f)(1):

> [T]he debtor may avoid the fixing of a lien on an interest of the
> debtor in property to the extent that such lien impairs an exemption
> to which the debtor would have been entitled under subsection (b)
> of this section, if such lien is--
> (A) a judicial lien.

See 11 U.S.C. § 522(f)(1). Furthermore, Section 522(f)(2)(A) provides:

> a lien shall be considered to impair an exemption to the extent that
> the sum of—
> (i) the lien;
> (ii) all other liens on the property; and

> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

*See* 11 U.S.C. § 522(f)(2)(A). Applying this statutory language, the First Circuit Court of Appeals held that "a debtor may avoid the fixing of a lien if three requirements are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien." In re Wilding, 475 F.3d 428, 431 (1st Cir. 2007). The parties agree that Mr. Ortiz's lien constitutes a judicial lien, thus the court's inquiry centers on the first two requirements.

The first issue is whether there was an appropriate fixing of a lien on an interest of the debtor in property. Mr. Ortiz argues that Ms. Rosado did not have possession of the Residential Property at the time of the judicial lien's attachment. Specifically, Mr. Ortiz believes that the judicial lien predates the marital property settlement, and that regardless of the aforementioned, the loan modification shifted the 2005 mortgage's rank to one inferior to the judicial lien. The court agrees that the judicial lien should maintain its 2007 ranking, however it disagrees that Ms. Rosado did not possess the Residential Property at the time of the judicial lien's attachment.

To "fix" is to "fasten a liability upon." In re Chiu, 304 F.3d 905, 908 (9th Cir. 2002). "Thus, Section 522(f) operates retrospectively to annul the *event* of fastening the subject lien upon a property interest." Id. (emphasis in original). In order to achieve said annulment, the debtor must have possessed the interest to which to lien fixed at the time the lien attached. Farrey v. Sanderfoot, 500 U.S. 291, 299 (1991). The Supreme Court holds that "a debtor cannot use § 522(f)(1) to avoid a lien on an interest acquired after the lien attached." Id. However, "[w]hile a debtor may not avoid a lien that attached before he held *any* interest in the property, it

does not necessarily follow that a debtor cannot avoid a lien merely because his property interests were augmented after attachment of the lien." In re Stoneking, 225 B.R. 690, 695 (B.A.P. 9th Cir. 1998).

In the Stoneking case, a judicial lien attached to the community property of a married couple before a divorce decree awarded the property in its entirety to the husband. Id. at 691. After the divorce, the husband filed for relief under the Bankruptcy Code and sought to avoid the fixing of the judicial lien. Id. The judicial lien holder argued that the husband could not avoid the lien because the judicial lien attached before the husband was awarded the property in its entirety. Id. at 691-92. The court held that because the lien holder's judicial lien was not imposed simultaneously with the creation of the husband's interest in the property, it did in fact attach to a pre-existing interest. Id. at 695. The reasoning for said holding is logical:

> If a debtor could have avoided such a lien on community-held real property pursuant to section 522(f)(1) before acquiring sole ownership of the property, that debtor should not lose the right to avoid that same lien after acquiring sole ownership. Otherwise, a judgment creditor whose debtor happens to obtain a divorce after the lien is affixed on community property is fortuitously excluded from the lien avoidance scope of section 522(f)(1), while a creditor whose debtor remains married after the lien is affixed on real property is subject to having its lien avoided under that section. There is no basis in section 522(f)(1) for such an arbitrary distinction.

Id. The facts in the Stoneking case are remarkably similar to ours.

In the matter before the court, Ms. Rosado and her ex-husband's conjugal partnership owed the Residential Property. Before they divorced, Mr. Ortiz' judicial lien attached to said Residential Property. Ms. Rosado and her ex-husband's divorce decree and marital property settlement granted Ms. Rosado sole ownership. The record demonstrates that Ms. Rosado had an interest in the Residential Property before her divorce and it was then augmented after the

attachment of the judicial lien. Therefore, Ms. Rosado did have an interest in the Residential Property at the time of the fixing of the judicial lien, and the first requirement for avoidance of a judicial lien is met.

The second requirement is whether Mr. Ortiz's judicial lien impairs Ms. Rosado's exemption. The B.A.P. for the First Circuit held that a debtor may only avoid a creditor's lien to the extent it impairs her exemption. In re Pagnini, 433 B.R. 455, 459 (B.A.P. 1st Cir. 2010). Ms. Rosado claimed an exemption in the amount of $21,625.00.The matter at hand is peculiar in that there is no equity in the Residential Property in which Ms. Rosado may claim her exemption.[1] However, debtors with "no equity in their property, may [nevertheless] qualify for exemptions and avoid judicial liens which impair the exemptions." In re Brody, 297 B.R. 5, 7 (Bankr. S.D.N.Y. 2003).

The legislative history to Section 303 of the Bankruptcy Reform Act of 1994, which amended 11 U.S.C. § 522(f), states in part that:

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, In re Brantz, 106 B.R. 62 (Bankr.E.D.Pa. 1989), that was favorably cited by the Supreme Court in Owen v. Owen, 111 S.Ct. 1833, 1838, n.5.

> The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in

---

1 The Residential Property is valued at $280,000.00, and is subject to a mortgage in the amount of $425,130.50.

the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions, such as In re Gonzales, 149 B.R. 9 (Bankr.D.Mass. 1993), have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

*See* H.R. REP. 103-835, 52-53, 1994 U.S.C.C.A.N. 3340, 3361-62.

Given the aforementioned, this Court holds that not allowing for the avoidance of Mr. Ortiz's judicial lien would defeat the Bankruptcy Code's purpose. "Congress made it a central purpose of the Bankruptcy Code to give debtors a fresh start in life and a clear field for future effort unburdened by the existence of old debts." Id. at 8 (citing In re Stoltz, 315 F.3d 80, 94 (2d Cir.2002)). Allowing Mr. Ortiz's judicial lien to remain in place would place a "dead hand" on the Residential Property. Matter of LaPointe, 150 B.R. 92, 95 (Bankr. D. Conn. 1993). Ms. Rosado's incentive to pay down her mortgage, and "maintain and improve the property will be seriously blunted, if not destroyed." Id.

Notwithstanding the aforementioned, Mr. Ortiz argues that the avoidance of the judicial lien would result in an "absurd result." An "absurd result" occurs when the debtor has enough nonexempt equity left over to pay off a portion of the judicial lien, and attempts to shield this equity. In re Lehman, 205 F.3d 1255, 1256-57 (11th Cir. 2000). In the Lehman case, the debtor had $24,688.00 in equity after deducting his mortgage and statutory exemption. Id. The Lehman court held that not allowing the judicial lien holder to recover this unencumbered and nonexempt portion of the debtor's property would be "absurd." Id. The facts in Lehman are not analogous to the case at hand, and therefore, this Court is not persuaded by this argument.

The Residential Property is valued at $280,000.00 and is subject to a $425,130.50 mortgage. This leaves Ms. Rosado with no equity. Even if the court were to solely consider the original mortgage amount of $394,000.00, there would still be no equity for Ms. Rosado.[2] Unlike the Lehman debtor, Ms. Rosado is not attempting to shield her equity from Mr. Ortiz, she simply has none. Therefore, there is no "absurd result" in allowing for the avoidance of Mr. Ortiz's judicial lien. As Mr. Ortiz's judicial lien impairs Ms. Rosado's exemption, the second and final requirement for the avoidance of judicial lien is met.

**III.    Conclusion**

WHEREFORE, IT IS ORDERED that Ms. Rosado's request to avoid lien shall be, and it hereby is, GRANTED.

In San Juan, Puerto Rico this 1st day of May, 2014.

Brian K. Tester
U.S. Bankruptcy Judge

---

2 Mr. Ortiz argues that the mortgage amplification and modification effectively altered the mortgage's priority to one inferior to his judicial lien. However, this argument is meritless because the parties to the amplification and modification expressly agreed that the terms of the amplification and modification do not constitute a novation of the existing mortgage. Thus, Mr. Ortiz's judicial lien priority is secondary to the 2005 mortgage, at best.